

Filed
Clerk of Court
United States District Court
By Morgan Akins
On:_____4/13/2026

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE LEE WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-063 |
| | ) | |
| DR. YVONNE NEAU; NURSE BARROWS | ) | |
| AUSTIN; SICK CALL NURSE TAMELA | ) | |
| WELLS; AMY WILLIAMS, Medical | ) | |
| Administrator / Supervisor; and | ) | |
| MEDICAL NURSE STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 49.) The Magistrate Judge recommended dismissing Defendants Austin and Wells because a lack of factual detail concerning their treatment relationship with Plaintiff meant that Plaintiff could not satisfy the subjective component of a deliberate indifference claim as is required under Wade v. McDade, 106 F.4th 1251, 1262 (11th Cir. 2024) (*en banc*). (Doc. no. 44, pp. 5-7.) Likewise, the Magistrate Judge explained that the conclusory allegations against the general group of "Medical Nurse Staff" failed to put any particular individual on notice of alleged wrong-doing. (Id. at 7.) Nothing in Plaintiff's objections changes the conclusion that these three Defendants should be dismissed.

When the Magistrate Judge granted Plaintiff permission to amend his complaint, the Order explained Plaintiff could amend his complaint, but not in a piecemeal manner, and further explained the Court could not craft a pleading by construing multiple filings together. (See doc. no. 37, pp. 2-3.) Thus, the Magistrate Judge provided specific instructions that Plaintiff must submit all of his allegations in one document, explaining Plaintiff should provide names, dates, and descriptions of alleged misconduct and may not incorporate by reference any portion of a prior pleading. (Id. at 3-4.) However, as the Magistrate Judge correctly determined when screening the amended complaint, Plaintiff's allegations are lacking in factual detail as to the three Defendants recommended for dismissal.

The objections suffer from the same factual deficiencies, in that Plaintiff refers to "Defendants" who knew about the dangers of his diabetes and should have known he needed insulin, without providing specific names or details of alleged "acts and omissions" by any of the three Defendants recommended for dismissal. (See generally doc. no. 49.) Neither the allegations in the amended complaint nor the objections are sufficient to satisfy the subjective portion of a deliberate indifference claim requiring that a Defendant "was actually, subjectively aware [their] own conduct caused a substantial risk of serious harm to the plaintiff."[1]  Wade, 106 F.4th at 1262.  In sum, the Magistrate Judge gave Plaintiff an opportunity to submit additional factual information about his claims, provided Plaintiff with instructions about how to do so, and then correctly concluded the amended complaint fails to state a claim against Defendants Austin, Wells, and Medical Nurse Staff.

---

[1]The Court also observes this is not a case where Plaintiff has alleged he received no treatment for his diabetes.  This conclusion is supported by Plaintiff's submission of documents verifying he received treatment for his diabetes in the form of Glimepiride and was followed on the chronic care list at the prison. (See, e.g., doc. no. 51-1, pp. 37, 44-46.)

2

Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** Defendants Austin, Wells, and Medical Nurse Staff, as well as any official capacity claims for money damages brought against state actors, for failure to state a claim.

SO ORDERED this _13th_ day of April, 2026, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3